IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ROBERT MILLER, Personal Representative of the Estate of PATRICK AMOS ROBICHAUD, Deceased, and PATRICIA ANN ROBICHAUD, Widow,**

    **Plaintiffs,**

v.            Case No.: 3:23-cv-00727

**CHRISTINA A. BRACK, as Administratrix of the Estate of PAUL DORIN TRIF, and INKA GROUP, INC.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

In this wrongful death action, the parties were ordered to submit initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on or before January 22, 2024. (ECF No. 3 at 2). Defendants timely provided their disclosures, listing four witnesses and four categories of documents. (ECF No. 22-1). Pending is Plaintiffs' Motion to Compel Defendants' Compliance with Federal Rule of Civil Procedure Rule 26. (ECF No. 22). For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the Motion to Compel.

Federal Rule of Civil Procedure 26(a)(1)(A)(i)-(iv) provides as follows:

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

1

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> **(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). Of significance to Plaintiffs' motion to compel, Defendants were only required to name witnesses that they "***may use to support [their] claims or defenses***." Likewise, Defendants were only required to identify documents that they have in their possession, custody, or control "***and may use to support [their] claims or defenses***." While other witnesses might exist, who have discoverable information about the issues in dispute, and other relevant documents can be identified, the Rule does not mandate that the disclosing party identify them if the disclosing party does not intend to use them in support of their claims and defenses. *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221–22 (D.D.C. 2001) ("[T]he essential inquiry is whether the disclosing party intends to use the witness" or the documents). Defendants listed four witnesses and certain documents. Although Plaintiffs may believe that Defendants cannot support their denials of liability and affirmative defenses without additional witnesses and documents, neither this Court nor Plaintiffs can dictate a

2

litigation strategy to Defendants. While the disclosures made by Defendants may prove to be inadequate as the case proceeds to summary judgment or trial, there is simply no way for the Court to determine their insufficiency at this time.

The purpose of Rule 26(a) is to assist the parties in the preparation of their cases for trial and "to avoid unfair surprise." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)). If a party fails to timely disclose witnesses and documents, the party will be prohibited from using the witnesses or documents at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants run the risk that subsequently identified witnesses and documents, which should have been included in their initial disclosures, will be excluded if their limited disclosures prove to be inadequate and unjustified. However, the litigation is in the early stages of discovery, and the issue of exclusion of evidence is not before the Court. As the Court cannot determine whether the disclosures are inadequate at this time, and given the procedural avenues available to Plaintiffs as the case develops, the Motion to Compel Defendants to **add** witnesses and documents to their disclosures is **DENIED**.

Having said this, the Court notes that the disclosures do lack some required information. When identifying witnesses, the party is required to list the witnesses' addresses and telephone numbers, if known. Considering the identities of the witnesses listed in Defendants' disclosure, they should know the relevant addresses and telephone numbers. Therefore, that part of the Motion to Compel is **GRANTED**, and Defendants are **ORDERED** to submit revised disclosures within **ten days** that include the addresses and telephone numbers of the listed witnesses. If Defendants do not have personal addresses and telephone numbers for the employees of the Mason County Sheriff's

3

Department, then they can provide the Department's address and telephone number. Defendants also failed to include the location of the documents that they listed in their disclosures. Therefore, Defendants are **ORDERED** to submit revised disclosures within **ten days** that include the location of the documents.

As neither party's position was entirely supported and successful, the Court **DENIES** the dueling requests for attorneys' fees and costs incurred in making and defending against the Motion to Compel. Similarly, the Court finds no justification for altering the scheduling order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** February 23, 2024

Cheryl A. Eifert
United States Magistrate Judge